In the Matter of the Estate of
L. E. Garrison, aka
Leonard Earl Garrison, Deceased.

GARRISON,
formerly Stoddard et al,
*Respondents,*

*v.*

GARRISON,
*Appellant.*

(135657; CA A36375)

728 P2d 535

Howard E. Speer, Eugene, argued the cause for appellant.
With him on the briefs was Speer, Jones & Andersen, Law-
yers, P.C., Eugene.

Thomas Garrison, Roseburg, waived appearance *pro se* for respondent Thomas B. Garrison.

No appearance for respondent Barton L. Garrison.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

This appeal is from an order sustaining respondents' objection to the final account filed by the personal representative of the estate of L. E. Garrison, deceased. Appellant suffers from multiple sclerosis. As a result, he is incapable of fully supporting himself and, on the death of his father (decedent), qualified for the inheritance tax credit allowed under ORS 118.035 to surviving physically handicapped children of a decedent.[1] Respondents are the other three children of the decedent. The sole issue is whether, under the statutory scheme, the tax credit allowed appellant because of his disability inures solely to his benefit or to the benefit of decedent's estate and, consequently, indirectly to the benefit of all

---

[1] ORS 118.035 provides:

"(1) A credit shall be allowed to each of the following beneficiaries against the tax imposed by ORS 118.010 that is apportioned to each of the following beneficiaries of the decedent pursuant to ORS 118.110(1):

"(a) The surviving spouse.

"(b) A child or stepchild under 18 years of age at the time of the parent's death.

"(c) A child or stepchild who has been found to be incompetent by judicial determination in this or any state or who is unable to support self by reason of physical or mental handicap, as determined by order of the Department of Revenue.

"(2) The amount of the credit allowed by subsection (1) of this section shall be the lesser of the amount of the tax or the amount determined with reference to the calendar year of death of the decedent in accordance with the following table:

| "Calendar year of death of the decedent | Amount of Credit |
| --- | --- |
| 1978 | $ 54,000 |
| 1979 and 1980 | 51,600 |
| 1981 and 1982 | 48,000 |
| 1983 and 1984 | 36,000 |
| 1985 and 1986 | 0 |

"(3) Any person related to the decedent by a chain of relationship, any step or steps of which are created by legal adoption, shall, for the purposes of this section, be considered as related in the same degree as though all steps in the relationship were by natural blood.

"(4) No credit shall be allowed under this section in respect to any devise or gift that is subject to a discretionary power, the exercise or nonexercise of which may result in a distribution of the property subject to such power to a beneficiary other than those specified in subsection (1) of this section within its limitations, or ORS 118.020."

of the children. We hold that it inures solely to the benefit of the disabled person.

Decedent died on July 11, 1981, survived by his wife and four adult children. He left a sizeable estate, the bulk of which, after specific bequests, was divided in his will into two funds, a "marital fund" and a "residuary fund." The marital fund was calculated to maximize the federal estate tax marital deduction. The balance of the estate was allocated to the residuary fund, which was to be distributed in equal shares to decedent's four children, with appellant's share being left in trust.

On June 9, 1984, the personal representative filed his final account and petitioned the probate court for a decree of final distribution. With respect to the residuary fund, the account provided for equal distributions to respondents and a larger distribution to appellant, the additional amount being equal to the credit allowed appellant under ORS 118.035(1)(c) because of his disability, which the estate had claimed on its Oregon inheritance tax return. Respondent Barbara Garrison[2] filed an objection to the final account contesting the proposed allocation of the tax credit and argued, successfully in the trial court, that it must be apportioned equally among the residuary beneficiaries, because that was decedent's intent.[3]

As we view ORS 118.035(1), it clearly and unambiguously provides that a credit shall "be allowed" to qualifying beneficiaries against the tax that is apportioned to each pursuant to ORS 118.110(1). ORS 118.110(1) provides that, after the tax on the net taxable estate has been computed pursuant to ORS 118.100, the tax shall be reduced by the property tax credit, if any, allowed by ORS 118.080 and then "apportioned to each distributive share of the net taxable estate in the ratio that each distributive share bears to the net taxable estate." It then provides: "However, the portion of the

---

[2] Barbara Garrision is the only respondent who appeared in this court.

[3] In their arguments in this court, both appellant and respondent focus primarily on decedent's intent with respect to the apportionment or non-apportionment of the estate's taxes and tax credits. However, because we decide that the amount and allocation of the tax credit is not dependent on the method of apportionment specified in the will, we do not reach the question of decedent's intent in that regard.

tax qualifying for a credit under ORS 118.035 shall not be collected."[4]

The trial court considered that ORS 116.343, relating to the treatment of exemptions, deductions and credits when the estate tax is to be apportioned, created a problem here. *See* ORS 116.313. ORS 116.343(1) provides:

"In making an apportionment, allowances shall be made for any exemptions granted, any classification made of persons interested in the estate and any deductions and credits allowed by the law imposing the tax."

Subsection (4) provides:

"Any credit for inheritance, succession or estate taxes or taxes in the nature thereof in respect to property or interests includable in the estate inures to the benefit of the persons or interests chargeable with the payment thereof to the extent , that, or in proportion as, the credit reduces the tax."

It reasoned that, because the will directs that the taxes *not* be apportioned and that they be treated as an obligation of the estate, ORS 116.343 is inapplicable; therefore, the credit under ORS 118.035 is spread proportionately among those who share in the residue. Accordingly, any credit must inure to the benefit of all of those beneficiaries.

We do not agree that that result follows with respect to the credit under ORS 118.035, because that statute requires that the credit be *computed* pursuant to ORS 118.110(1), which provides for apportioning the tax to each distributive share. When the qualifying beneficiary's tax has been so computed, ORS 118.035(2) determines the amount of the credit, and ORS 118.110(1) provides that that credit shall not be collected.

■ ■     In our view, regardless of whether a testator has directed that there be no apportionment of estate taxes, the

---

[4] ORS 118.110(1) provides:

"The rate of tax prescribed in ORS 118.100(1) shall be applied to the net taxable estate reduced by the appropriate exemption provided in ORS 118.100(1), with the tax thus computed being reduced by the credit allowed by ORS 118.080, if any. The remaining tax shall be apportioned to each distributive share of the net taxable estate in the ratio that each distributive share bears to the net taxable estate. However, the portion of the tax qualifying for a credit under ORS 118.020 and 118.035 shall not be collected."

amount of the *credit* under ORS 118.035 is *computed* by apportioning.[5] It is clear that the legislature intended that the credit be for the sole benefit of the qualified handicapped person and that a testator has no right to provide otherwise in his will.[6] Neither the tax burden on the estate is increased nor the distributive shares of the other beneficiaries decreased as a result of the credit. Accordingly, the final account properly provided that the distributive share of appellant be increased by the amount of the credit.

The order allowing respondent Barbara Garrison's objection to the final account and authorizing a modified distribution is reversed; the case is remanded for further proceedings not inconsistent with this opinion.

---

[5] No one contends that, if there is no apportionment, the credit is not available.

[6] ORS 118.035(4) (*supra* n 1) also dispels the notion that the tax credit may inure to the benefit of anyone other than the qualified individual, even if that is the testator's intent. It provides that no credit shall be allowed under subsection (1) with respect to a bequest, which, as a result of being subject to a discretionary power, may result in a distribution to a nonqualifying beneficiary.